1  KAREN P. HEWITT
   United States Attorney
2  WILLIAM V. GALLO
   Assistant U.S. Attorney
3  California State Bar No. 123717
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone No.: (619) 557-6964
   E-mail: william.gallo@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )  Criminal Case No.  95CR2153-LAB
                                     )
11              Plaintiff,           )
                                     )
12         v.                        )  JOINT MOTION REGARDING
                                     )  COMPLEX CASE
13  JESUS HECTOR PALMA-SALAZAR,      )
            aka "Guero Palma,"       )
14          aka "El Guerito,"        )
            aka "Senor Rubio,"       )
15          aka "El Rubio,"          )
                                     )
16              Defendant.           )
                                     )

17

18         IT IS HEREBY REQUESTED by and between the parties, plaintiff, United States of

19  America, by and through its counsel KAREN P. HEWITT, United States Attorney, and WILLIAM

20  V. GALLO, Assistant United States Attorney, and STEPHEN D. LEMISH, counsel on behalf of

21  defendant JESUS HECTOR PALMA-SALAZAR, that this case be declared by this Court to be so

22  unusual and complex due to the age of the indictment, the nature of the prosecution, and the volume

23  of the discovery, that it would be unreasonable to expect counsel for the defendant to be able to

24  effectively prepare for pre-trial motions and trial within the period normally prescribed by the

25  Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., taking into account the exercise of due diligence.

26         The nature of this case is relatively unusual and may involve novel questions of fact or law.

27  As the Court will recall, in mid-January 2007, the Mexican government, quite unexpectedly,

28  extradited this defendant and a number of others.  Although the indictment, which contains a single

1    count of conspiracy to distribute cocaine, is nothing extraordinary, the facts underlying the

2    indictment are anything but.  The indictment was handed down nearly a dozen years ago.  Witnesses

3    must located and either re-interviewed or interviewed for the first time.  Forming the basis for the

4    indictment and the Government's prosecution of the case are countless witnesses: some of whom

5    are cooperating and are in the U.S. Marshal Witness Security Program; some of whom have

6    cooperated in the past but, because of the passage of time, may have returned to Mexico and must

7    be located; and some of whom have been prosecuted, convicted, and serving sentences in federal

8    prisons scattered throughout the United States.  In addition, the case against the defendant involves

9    a number of cocaine seizures in the early to mid-1990's, some of which occurred in districts outside

10   of the Southern District of California.  This evidence must be marshaled here in San Diego.

11          In the mid-1990's the defendant was the leader of one of the major Mexican drug cartels.

12   According to witnesses, Palma began his climb up the hierarchy of Mexican drug traffickers by first

13   prospering from his association and affiliation with Rafael Caro-Quintero, and then as a result of his

14   role as the enforcer (hit man) for Miguel Angel Felix-Gallardo.  In approximately 1989, Palma

15   shifted his allegiance and became associated with Joaquin Guzman-Loera (aka Chapo Guzman), and

16   they, using Palma's contacts with the Colombian cocaine cartels, began smuggling huge quantities

17   (tons at a time) of cocaine by air and sea into the United States from Mexico.  When Guzman-Loera

18   was arrested for his suspected role in the killing of the Catholic Cardinal in Guadalajara, Mexico,

19   in 1993, Palma was reputed to have taken over the whole organization.[1]

20          As Mr. Lemish, counsel for defendant, indicated in his motion to continue the first motion

21   hearing, Palma is listed on the Foreign Narcotics Kingpin Designation Act (21 USC § 1901, et seq).

22   Accordingly, pursuant to implementing regulation under 31 CFR Part 598, any U.S. citizen or entity

23   must first be licensed by the Department of Treasury Office of Foreign Asset Control (OFAC)

24   before being legally allowed to receive payment for legal fees and reimbursement for incurred

25   expenses on Palma's behalf.  On March 26, 2007, Mr. Lemish was granted a license by OFAC.  In

26   the same motion for continuance, Mr. Lemish represented that Palma was "actively and diligently

27   pursuing his right to retain counsel" and has identified two attorneys to represent him.  Any new or

28

_____

[1]    The defendant does not admit nor stipulate as true the facts alleged in this paragraph.

1  retained counsel who enter a general appearance on Palma's behalf will have to undertake the same

2  application and licensing requirements as Mr. Lemish.  Undersigned Government counsel has

3  spoken to one of the identified attorneys who has an application for licensing presently pending

4  before OFAC.  As of this date, OFAC has not yet granted the application and issued a license but

5  is expected to do so in the very near future.

6       The discovery in this case is voluminous.  The initial discovery includes 37,279 pages of

7  reports, statements, wiretap transcripts, and testimonial transcripts.  A motion hearing is scheduled

8  for May 7, 2007.  Newly retained counsel, even if OFAC licensing were to occur today, would have

9  only slightly more than two weeks to review the discovery presently available and file motions.

10  More reports continue to surface and must be reviewed before being made available for discovery.

11  The Government is diligently working to identify all relevant reports which we anticipate will

12  number in the hundreds, and possibly thousands of pages, of additional discovery.

13       THE PARTIES JOINTLY MOVE, in accordance with 18 U.S.C. § 3161(h)(8), that the ends

14  of justice served by such continuance outweigh the best interest of the public and the defendant in

15  a speedy trial.

16       THE PARTIES JOINTLY MOVE that the time between April 4, 2007, and May 7, 2007,

17  or other date the Court deems appropriate, be deemed excludable time under the Speedy Trial Act

18  pursuant to 18 U.S.C. § 3161(h)(8) in addition to any time excludable, pursuant to 18 U.S.C. §

19  3161(h)(1)(F).

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

95CR2153-LAB

1    THE PARTIES JOINTLY MOVE that, in addition to the motion hearing presently scheduled

2  on May 7, 2007, the Court also schedule a status hearing on the same date, at which time the Court

3  can determine whether and how much additional time should be excluded due to the complexity of

4  the case.

5    SO MOVED.

6                                          KAREN P. HEWITT
                                           United States Attorney
7

8    DATED: <u>April 4, 2007</u>           <u>*s/ William V. Gallo*</u>
                                           WILLIAM V. GALLO
9                                          Assistant U.S. Attorney

10

     DATED: <u>April 4, 2007</u>           <u>s/ *Stephen D. Lemish*</u>
11                                         STEPHEN D. LEMISH
                                           Attorney for Defendant
12                                         JESUS HECTOR PALMA-SALAZAR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  4                            95CR2153-LAB

1

2                     UNITED STATES DISTRICT COURT

3                   SOUTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES OF AMERICA,        )    Case No. 95CR2153-LAB
                                      )
5              Plaintiff,             )
                                      )
6              v.                     )    CERTIFICATE OF SERVICE
                                      )
7    JESUS HECTOR PALMA-SALAZAR,      )
          aka "Guero Palma,"          )
8         aka "el Guerito,"           )
          aka "Senor Rubio,"          )
9         aka "El Rubio,"             )
                                      )
10             Defendant.             )
                                      )

11             IT IS HEREBY CERTIFIED that:

12             I, William V. Gallo, am a citizen of the United States over the age of 18 years and a resident

13   of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I

14   am not a party to the above-entitled action.

15             I have caused service of **Joint Motion Regarding Complex Case**, on the following parties,

16   by electronically filing the foregoing with the Clerk of the District Court using its ECF System,

17   which electronically notifies the following parties:

18        (1)    Stephen D. Lemish, Esq. - Counsel for Jesus Hector Palma-Salazar
19               steve.lemish@sbcglobal.net

20             I declare under penalty of perjury that the foregoing is true and correct.

21             Executed: April 4, 2007            *s/ William V. Gallo*
                                                  WILLIAM V. GALLO
22                                                Assistant U.S. Attorney
                                                  E-mail: william.gallo@usdoj.gov
23

24

25

26

27

28

                                                                            95CR2153-LAB